IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAIZY CARTER SLAINE, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| KROGER TEXAS, LP; KROGER TEXAS | § | CIVIL ACTION NO. 3:21-cv-01063 |
| LP D/B/A KROGER #527; KROGER | § | |
| TEXAS LP D/B/A HENPIL #527; | § | |
| HENPIL, INC.; FAMILY DOLLAR | § | JURY DEMANDED |
| STORES OF TEXAS, LLC; and FIRST | § | |
| NATIONAL BANK, INC., | § | |
|     Defendants. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendant Kroger Texas, L.P., erroneously identified as "Kroger Texas, LP; Kroger Texas LP d/b/a Kroger #527; Kroger Texas LP d/b/a Henpil #527; Henpil, Inc." ("Kroger"), in the cause styled "*Daizy Carter Slaine v. Kroger Texas, LP; Kroger Texas LP d/b/a Kroger #527; Kroger Texas LP d/b/a Henpil #527; Henpil, Inc.; Family Dollar Stores of Texas, LLC; and First National Bank, Inc.*" originally pending as Cause No. CC-20-05664-D in County Court at Law No. 4 of Dallas County, Texas, files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Dallas Division.

**I.
BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332.  In particular, diversity jurisdiction exists in this case because there is complete diversity of

citizenship between the proper parties, as discussed herein, the only proper defendant is not a citizen of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

## II.
## FACTUAL BACKGROUND

Plaintiff claims that on or about May 1, 2019, Plaintiff tripped and fell due to a steel rebar wire protruding from a parking stop in the parking lot of Kroger's store located at the 200 block of W. Camp Wisdom Road in Dallas, Texas. Plaintiff filed suit on December 31, 2020 in County Court of Law No. 4 of Dallas County, Texas, alleging negligence-based causes of action against Kroger Texas, LP; Kroger Texas LP d/b/a Kroger #527; Kroger Texas LP d/b/a Henpil #527; Henpil, Inc.; Family Dollar Stores of Texas, LLC; and First National Bank, Inc.

## III.
## DIVERSITY JURISDICTION

**A.   THE PARTIES**

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

Kroger Texas L.P., at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited partnership formed under the laws of Ohio. The general partner of Kroger Texas L.P. is KRGP Inc., an Ohio corporation with its principal place of business in Ohio. The only limited partner is KRLP Inc., an Ohio corporation with its principal place of business in Ohio. Neither KRGP Inc. nor KRLP Inc., the only two partners of Kroger Texas L.P.,

---

[1] *See* 28 U.S.C. § 1332 (2018).

has ever been a resident of, incorporated in, or had its principal place of business in the State of Texas.

Henpil, Inc., at the time of the initial filing of this action and at the time of the removal of this action, was and is a Texas corporation; however, Henpil, Inc. is not a proper party to this action and has been improperly and/or fraudulently joined. Specifically, Henpil, Inc. is a holding company for various liquor licenses utilized by some Kroger entities in the state of Texas and has no involvement whatsoever with the premises made the basis of this lawsuit (the "Premises"). Henpil, Inc. is owned by Rocket Newco, Inc., which is, in turn, a subsidiary of The Kroger Co. (not Kroger Texas, L.P.). Henpil, Inc. did not own, occupy, lease, possess, control, manage, or operate the Premises at any relevant time. Henpil, Inc.'s sole interest in the Premises is based on its ownership of personal property located therein, in the form of beer and wine. Neither Henpil, Inc. nor Kroger Texas, L.P. (or any other entity) has filed an Assumed Name Certificate or any other document with the Texas Secretary of State stating that Henpil, Inc. is doing business as Kroger Texas, L.P. or that Kroger Texas, L.P is doing business as Henpil, Inc. Therefore, Henpil, Inc.'s citizenship must be disregarded.

Family Dollar Stores of Texas, LLC, at the time of the initial filing of this action and at the time of the removal of this action, was and is a Virginia limited liability company; however, Family Dollar Stores of Texas, LLC is not a proper party to this action and has been improperly and/or fraudulently joined. Specifically, Family Dollar Stores of Texas, LLC. has no involvement whatsoever with the Premises. Family Dollar Stores of Texas, LLC did not own, occupy, lease, possess, control, manage, operate the Premises at any relevant time.  Therefore, Family Dollar Stores of Texas, LLC's citizenship must be disregarded. Although improperly and/or fraudulently

joined, Family Dollar Stores of Texas, LLC agrees to removal of this action, as indicated by the signature of Family Dollar Stores of Texas, LLC's counsel below.

First National Bank, Inc., at the time of the initial filing of this action and at the time of the removal of this action, was and is a Texas corporation; however, First National Bank, Inc. has never been served in this case and the statute of limitations ran on any claims Plaintiff had against it on May 1, 2021.  Therefore, any claims against First National Bank, Inc. are now time-barred and its citizenship must be disregarded.

**B.    HENPIL, INC. AND FAMILY DOLLAR STORES OF TEXAS, LLC WERE IMPROPERLY JOINED, SO THEIR CITIZENSHIP MUST BE DISREGARDED.**

Improper/fraudulent joinder may be established where, as here, there is no possibility that Plaintiff can maintain a cause of action against the joined defendant(s) based the pleaded facts.[2] To determine whether Plaintiff can maintain a cause of action against Henpil, Inc. or Family Dollar Stores of Texas, LLC, the Court looks to the law of the State in which the action is brought – Texas.[3]

Here, Plaintiff claims she was injured in Kroger's parking lot, when she tripped over a parking stop.  At no time has Henpil, Inc. or Family Dollar Stores of Texas, LLC owned, occupied, leased possessed, controlled, managed, or operated the parking lot at issue.  Therefore, Plaintiff cannot establish the threshold requirement that Henpil, Inc. and/or Family Dollar Stores of Texas, LLC were owners or occupiers of the Premises. Further, on May 3, 2021, Plaintiff's counsel acknowledged that these entities were not proper parties and indicated Plaintiff would be

---

[2]  *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Larrouquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 374 (5th Cir. 2006).

[3]  *See Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

dismissing them from the case.[4] Since Plaintiff cannot maintain a viable claim against either of these entities, Henpil, Inc. and Family Dollar Stores of Texas, LLC were improperly joined in this lawsuit and their citizenship must be disregarded for purposes of the Court's diversity-of-citizenship analysis.

C. **PLAINTIFF CANNOT MAINTAIN CLAIMS AGAINST FIRST NATIONAL BANK, INC. BECAUSE HER CAUSES OF ACTION ARE NOW TIME-BARRED, SO THE BANK'S CITIZENSHIP MUST BE DISREGARDED.**

Although Kroger denies that First National Bank, Inc. had an ownership interest in or occupied the parking lot of the Premises, Kroger acknowledges that First National Bank, Inc. is located inside the Premises, and the Dallas County Tax Appraisal District indicates that First National Bank, Inc. has some type of ownership interest in the Premises. However, Plaintiff is not able to maintain a claim against First National Bank, Inc. because the statute of limitations ran on May 1, 2021 and her claims are now time-barred.

Plaintiff's incident in the parking lot occurred on May 1, 2019. Thus, Plaintiff's cause of action accrued on May 1, 2019.[5] The statute of limitations for negligence-based claims, such as in the present case, is two (2) years.[6] Therefore, the statute of limitations in this case was May 1, 2021. However, the mere filing of a lawsuit within the limitations period is not sufficient; the

---

[4] *See* May 3, 2021 email from Plaintiff's counsel to counsel for Kroger, attached as <u>Exhibit 1</u>.

[5] *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997) (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996) ("As a rule, we have held that a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred"); *see also Trinity River Auth. v. URS Consultants, Inc.,* 889 S.W.2d 259, 262 (Tex. 1994); *Quinn v. Press,* 135 Tex. 60, 140 S.W.2d 438, 440 (1940).

[6] *Parsons v. Turley*, 109 S.W.3d 804, 807 (Tex. App.—Dallas 2003, pet. denied) (holding that a tort is governed by the two-year limitations statute) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 2000)).

defendant must also be served with process.[7] Therefore, generally, a plaintiff's cause of action must have been brought ***and served*** on a defendant within the two-year limitation period or such cause of action is barred. When a plaintiff timely files a petition within the statute of limitations but does not serve a defendant until after the limitations period expires, the filing of a lawsuit alone does not interrupt the running of limitations.[8] The date of service relates back to the date of filing ***only*** if the plaintiff exercised diligence in effecting service.[9] Therefore, it is black letter law that a plaintiff must exercise due diligence in the issuance and service of citation if service occurs after the limitations period.[10] "An unexplained delay in effecting service constitutes a lack of due diligence."[11] Moreover, the duty to exercise diligence continues until service of process is achieved.[12] If the lapse of time and the plaintiff's acts are such as conclusively negate diligence, a lack of diligence will be found as a matter of law.[13]

Generally, the exercise of due diligence is a question of fact.[14] However, under Texas law, "the issue can be determined ***as a matter of law*** if no valid excuse exists for a plaintiff's failure

---

[7] *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990); *Mauricio v. Castro*, 287 S.W.3d 476, 479-80 (Tex. App.—Dallas 2009, no pet.) (citing *Boyattia v. Hinojosa,* 18 S.W.3d 729, 733 (Tex. App.—Dallas 2000, pet. denied); *James v. Gruma Corp.*, 129 S.W.3d 755, 759 (Tex. App.—Fort Worth 2004, pet. denied) (citing *Tarrant County v. Vandigriff,* 71 S.W.3d 921, 924 (Tex. App.—Fort Worth 2002, pet. denied)).

[8] *Parsons v*, 109 S.W.3d at 808 (citing *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 830 (Tex. 1990); *Taylor v. Thompson,* 4 S.W.3d 63, 65 (Tex. App.—Houston [1st Dist.] 1999, pet. denied)); *Seagraves v. City of McKinney*, 45 S.W.3d 779, 782 (Tex. App.—Dallas 2001, no pet.) (citing same).

[9] *James v*, 129 S.W.3d at 759; *Vandigriff,* 71 S.W.3d at 924.

[10] *Murray,* 800 S.W.2d at 830; *Taylor,* 4 S.W.3d at 65; *Seagraves*, 45 S.W.3d at 782.

[11] *Parsons*, 109 S.W.3d at 808 (citing *Taylor,* 4 S.W.3d at 65); *Seagraves*, 45 S.W.3d at 782 (citing same).

[12] *Mauricio*, 287 S.W.3d at 479 (citing *Boyattia*, 18 S.W.3d at 733).

[13] *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533 (Tex. App.—Dallas 1987, no writ); *Valdez v. Charles Orsinger Buick Co.*, 715 S.W.2d 126 (Tex. App.—Texarkana 1986, no writ)); *Mauricio*, 287 S.W.3d at 479 (citing *Perry*, 741 S.W.2d at 534).

[14] *Parsons*, 109 S.W.3d at 808 (citing *Taylor,* 4 S.W.3d at 65; *Hodge v. Smith,* 856 S.W.2d 212, 215 (Tex.

to timely serve notice of process."[15] The two controlling factors that establish due diligence are (1) whether the plaintiff acted as an ordinary prudent person would act under the same circumstances and (2) whether the plaintiff acted diligently up until the time the defendant was served.[16] Courts have consistently held that lack of diligence may be shown based on unexplained lapses of time between the filing of the suit, issuance of the citation, and service of process.[17] Significantly, Texas courts acknowledge that the length of the delay is not the critical factor in determining whether the plaintiff exercised due diligence.[18] Indeed, **_any_** unexplained delay constitutes a lack of due diligence as a matter of law.[19]

Here, Plaintiff never properly effectuated service on First National Bank, Inc., even though she had five (5) months to do so from the date she filed her Petition and the date limitations ran. First National Bank, Inc. maintains a registered agent for service, which Plaintiff identified in her Petition. Plaintiff cannot explain a five-month delay in service, when all she would have had to do was to have her process-server mail the Petition and citation to First National Bank, Inc.'s registered agent for service. Since Plaintiff did not exercise diligence to serve First National Bank, Inc. in this case, Plaintiff's claims against First National Bank, Inc. are now time barred. Further, on May 3, 2021, Plaintiff's counsel intimated Plaintiff would not be serving First National Bank,

---

App.—Houston [1st Dist.] 1993, writ denied)); *Seagraves*, 45 S.W.3d at 782 (citing same).

[15] *Parsons*, 109 S.W.3d at 808 (citing *Taylor,* 4 S.W.3d at 65; *Hodge,* 856 S.W.2d at 215) (emphasis added); *Seagraves*, 45 S.W.3d at 782 (citing same).

[16] *Parsons*, 109 S.W.3d at 808-09 (citing *Taylor,* 4 S.W.3d at 65; *Hodge,* 856 S.W.2d at 215); *Seagraves*, 45 S.W.3d at 782 (citing same).

[17] *Mauricio*, 287 S.W.3d at 479 (citing *Boyattia*, 18 S.W.3d at 733).

[18] *See Keeton v. Carrasco,* 53 S.W.3d 13, 18 (Tex. App.—San Antonio 2001, pet. denied)).

[19] *See Holt v. D'Hanis State Bank,* 993 S.W.2d 237, 241 (Tex. App.—San Antonio 1999, no pet.); *Perry,* 741 S.W.2d at 534).

Inc. and indicated she would be dismissing it from the case.[20] Thus, First National Bank, Inc.'s citizenship must be disregarded for purposes of the Court's diversity-of-citizenship analysis.

## IV.
## THE AMOUNT IN CONTROVERSY

Plaintiff judicially admits in her Original Petition that she is seeking damages in excess of $75,000.00.[21] Specifically, Plaintiff seeks damages for past and future medical expenses, past and future physical pain, past and future mental anguish, past and future disfigurement, past and future impairment, and past and future loss of earning capacity, in an amount in excess of $200,000 but less than $1,000,000.[22] As a result, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[23]

## V.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[24] Defendant first became aware this case was removable on or about May 3, 2021, the Monday following the date the statute of limitations ran on Plaintiff's causes of action against First National Bank, Inc. – the only non-diverse defendant that Plaintiff could arguably have maintained claims against prior to

---

[20] See May 3, 2021 email from Plaintiff's counsel to counsel for Kroger (Exh. 1).

[21] See Plaintiff's Original Petition and Request for Disclosure with Incorporated First Set of Written Discovery, attached hereto as Exhibit 3, at p. 8, ¶ 23.

[22] Id. at pp. 6-7, 8, ¶¶ 19, 23.

[23] See S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492 (5th Cir. 1996); see also Laughlin v. Kmart Corp., 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

[24] 28 U.S.C. § 1446(b).

those claims being time-barred. Furthermore, on May 3, 2021, Plaintiff's counsel implied that Plaintiff would not be serving First National Bank, Inc. and confirmed she would be dismissing all parties except Kroger Texas L.P. Accordingly, this removal is timely because it is made within thirty days after the receipt by Kroger of the document that first demonstrated the case was removable. Moreover, more than one year has not passed since the commencement of the action in state court on December 31, 2020.[25]

## VI.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

## VII.
## PROCEDURAL REQUIREMENTS

Defendant filed with the Clerk of County Court at Law No. 4 of Dallas County, Texas a Notice of Filing Notice of Removal to Federal Court contemporaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81.1, the following documents are attached hereto for the Court's reference:

(1) May 3, 2021 email from Plaintiff's counsel to counsel for Kroger;

(2) State court docket sheet (as of May 5, 2021);

(3) Plaintiff's Original Petition and Request for Disclosure with Incorporated First Set of Written Discovery (filed on December 31, 2020);

---

[25] *See id*.

(4) Defendant Family Dollar Stores of Texas, LLC's Original Answer to Plaintiff's Original Petition, Demand for Jury Trial and Requests for Disclosure (filed on January 20, 2021);

(5) Defendant Kroger Texas, L.P.'s Original Answer, Verified Denial, and Special Exceptions (filed on January 27, 2021); and

(6) Plaintiff's Notice of Filing of Affidavits (filing on January 27, 2021).

Also, in compliance with Local Rule 81.1, Defendant has filed the following documents with the Notice:

- Civil Cover Sheet
- Supplemental Civil Cover Sheet
- Certificate of Interested Persons

## VIII.
## AGREEMENT TO REMOVAL

Although Family Dollar Stores of Texas, LLC was improperly and/or fraudulently joined and, thus, is not a proper party to this suit, it agrees to removal of this action.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Dallas Division.

**AGREED:**

/s/ Mavish Bana (with permission)
Mavish Bana
State Bar No. 24096653
mbana@maverllp.com
**MAYER LLP**
750 North Saint Paul Street, Suite 700
Dallas, Texas 75201
214.379.6900 / Fax: 214.379.6939

**ATTORNEYS FOR DEFENDANT**
**FAMILY DOLLAR STORES OF TEXAS, LLC**

Respectfully submitted,

/s/ Michael W. Stumbaugh
_____
**B. Kyle Briscoe**
Attorney-in-charge
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Michael W. Stumbaugh**
State Bar No. 24041987
mstumbaugh@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT KROGER TEXAS, L.P., ERRONEOUSLY IDENTIFIED AS "KROGER TEXAS, LP; KROGER TEXAS LP D/B/A KROGER #527; KROGER TEXAS LP D/B/A HENPIL #527; HENPIL, INC."**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Federal Rules of Civil Procedure on May 11, 2021.

/s/ B. Kyle Briscoe
_____
B. Kyle Briscoe