# EXHIBIT 1

Exhibit 1

**Mike Stumbaugh**

| | |
|---|---|
| **From:** | Spencer Browne <Spencer@reyeslaw.com> |
| **Sent:** | Monday, May 3, 2021 9:21 AM |
| **To:** | Amber Henderson; Mike Stumbaugh; Kyle Briscoe |
| **Cc:** | Hussain Ismail; Christian Barragan |
| **Subject:** | Slaine v. Kroger, et al. |

Hi Amanda, Michael, and Kyle,

I reviewed your discovery answers and this file and I am going to amend our petition to reflect the evidence to this point.  First, I was going to nonsuit every entity that is not Kroger Texas, L.P.  Everything discovered thus far indicates that Kroger was responsible for the parking block in question and not any other entity in the shopping center.  Next, I think your verified denial, you stated that Kroger Texas, LP should be Kroger Texas, L.P.  I don't think there is a difference, but do you want us to amend as Kroger Texas, L.P. and (along with the other dismissals) does that cure any arguments you may have against having the improper parties to the suit?

Also, I think your discovery answers indicate that Kroger will produce documents subject to a confidentiality order.  Can you please provide that proposed order to us, so we can continue the exchange of documents?

In your answer to RFP 51 (and Rog 3), we are looking at employees who were working in the few days before and after to discovery their knowledge of the parking block on the day of the incident.  Can you please provide those names to us?

On RFP 53 and Rog 5, what date range do you believe is reasonable for discovery?

Finally, the maintenance logs produced labeled as DS0008, only indicate a call on May 6, 2019.  Are there more call notes that are cut off in document?  It looks like the call notes have more, but only a certain amount of characters print in the document.  None of the notes reference the parking block at issue.  If I'm understanding the production and interrogatory answers correctly, no corrective actions have been taken to that parking block and it remains in the same condition today as it did two years ago.  If so, can we set up an inspection?

Let me know if we need to discuss anything over the phone.

I hope all is well with you all!

Spencer P. Browne
Reyes | Browne | Reilley
8222 Douglas Ave., Suite 400
Dallas, TX  75225
(214) 526-7900
(214) 526-7910 (fax)
Spencer@reyeslaw.com
Board Certified - Personal Injury Trial Law
Texas Board of Legal Specialization

# EXHIBIT 2

**Exhibit 2**

## Case Information

CC-20-05664-D | DAIZY CARTER SLAINE vs. KROGER TEXAS LP, KROGER TEXAS LP D/B/A KROGER # 527, KROGER TEXAS LP D/B/A HENPIL #527.et al

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| CC-20-05664-D | County Court at Law No. 4 | ROSALES, PAULA |
| File Date | Case Type | Case Status |
| 12/31/2020 | DAMAGES (COLLISION) | OPEN |

## Party

**PLAINTIFF**
SLAINE, DAIZY CARTER

Active Attorneys ▾
Lead Attorney
BROWNE, SPENCER P
Retained

**DEFENDANT**
KROGER TEXAS LP

Address
SERVE ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY
D/B/A
211 E. 7TH STREET, SUITE 620
AUSTIN TX 78701

Active Attorneys ▾
Lead Attorney
BRISCOE, B KYLE
Retained

**DEFENDANT**
KROGER TEXAS LP D/B/A KROGER # 527

Address
SERVE ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY
D/B/A
211 E. 7TH STREET, SUITE 620
AUSTIN TX 78701

Active Attorneys ▾
Lead Attorney
BRISCOE, B KYLE
Retained

**DEFENDANT**
KROGER TEXAS LP D/B/A HENPIL #527

Address

Active Attorneys ▾
Lead Attorney
BRISCOE, B KYLE

SERVE ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY                    Retained
D/B/A
211 E. 7TH STREET, SUITE 620
AUSTIN TX 78701

---

DEFENDANT                                                    Active Attorneys ▾
HENPIL, INC.
                                                            Lead Attorney
Address                                                     BRISCOE, B KYLE
SERVE ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY      Retained
D/B/A
211 E. 7TH STREET, SUITE 620
AUSTIN TX 78701

---

DEFENDANT                                                    Active Attorneys ▾
FAMILY DOLLAR STORES OF TEXAS, LLC
                                                            Lead Attorney
Address                                                     BANA, MAVISH S.
SERVE ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY      Retained
D/B/A
211 E. 7TH STREET, SUITE 620
AUSTIN TX 78701

---

DEFENDANT
FIRST NATIONAL BANK INC.

Address
SERVE ITS REGISTERED AGENT: SAUL ORTEGA
213 S.CLOSNER, 2ND FLOOR
EDINBURG TX 78539

---

## Events and Hearings

12/31/2020 NEW CASE FILED (OCA)

12/31/2020 ORIGINAL PETITION  ▾

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE WITH INCORPORATED FIRST SET OF

Comment
PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE WITH INCORPORATED FIRST SET
OF WRITTEN DISCOVERY

12/31/2020 ISSUE CITATION  ▾

CITATION 2012

CITATION 2012

CITATION 2012

CITATION 2012

CITATION 2012

CITATION 2012

Comment
ESERVE# 49499799

12/31/2020 JURY TRIAL DEMAND

01/07/2021 CITATION (SERVICE) ▼

Served
01/11/2021

Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
01/19/2021
Comment
KROGER TEXAS, LP

01/07/2021 CITATION (SERVICE) ▼

Served
01/11/2021

Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
01/19/2021
Comment
KROGER TEXAS, LP D/B/A KROGER #527

01/07/2021 CITATION (SERVICE) ▼

Served
01/11/2021

Anticipated Server
ATTORNEY

Anticipated Method

Actual Server
PRIVATE PROCESS SERVER

Returned
01/19/2021
Comment
HENPIL, INC

01/07/2021 CITATION (SERVICE) ▾

Served
01/11/2021

Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
01/19/2021
Comment
FAMILY DOLLAR STORES 0F TEXAS, LLC

01/07/2021 CITATION (SERVICE) ▾

Unserved

Anticipated Server
ATTORNEY

Anticipated Method
Comment
FIRST NATIONAL BANK, INC.

01/19/2021 RETURN OF SERVICE ▾

KROGER TEXAS LP

     Comment
     KROGER TEXAS LP

01/19/2021 RETURN OF SERVICE ▾

KROGER TEXAS LP D/B/A KROGER #527

     Comment
     KROGER TEXAS LP D/B/A KROGER #527

01/19/2021 RETURN OF SERVICE ▾

KROGER TEXAS LP

     Comment
     KROGER TEXAS LP

01/19/2021 RETURN OF SERVICE ▾

HENPIL, INC

Comment
HENPIL, INC

---

01/19/2021 RETURN OF SERVICE ▾

FAMILY DOLLAR STORES OF TEXAS, LLC

Comment
FAMILY DOLLAR STORES OF TEXAS, LLC

---

01/20/2021 CORRESPONDENCE - LETTER TO FILE ▾

LETTER TO PLAINTIFF'S COUNSEL

Comment
LETTER TO PLAINTIFF'S COUNSEL

---

01/20/2021 AMENDED ANSWER - AMENDED GENERAL DENIAL ▾

DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S ORIGINAL ANSWER TO PLAINTIFF S

Comment
DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S ORIGINAL ANSWER TO PLAINTIFF S ORIGINAL
PETITION, DEMAND FOR JURY TRIAL AND REQUESTS FOR DISCLOSURE

---

01/20/2021 JURY TRIAL DEMAND

---

01/20/2021 NOTICE OF FILING ▾

PLAINTIFF'S NOTICE OF FILING OF AFFIDAVITS (FAMILY DOLLAR STORES OF TEXAS, LLC)

Comment
PLAINTIFF'S NOTICE OF FILING OF AFFIDAVITS (FAMILY DOLLAR STORES OF TEXAS, LLC)

---

01/27/2021 ORIGINAL ANSWER - GENERAL DENIAL ▾

D'S ORIGINAL ANSWER

Comment
KROGER'S ORIGINAL ANSWER, VERIFIED DENIAL, AND SPECIAL EXCEPTIONS

---

01/27/2021 NOTICE OF FILING ▾

PLAINTIFF'S NOTICE OF FILING OF AFFIDAVITS (KROGER TEXAS, LP)

Comment
PLAINTIFF'S NOTICE OF FILING OF AFFIDAVITS (KROGER TEXAS, LP)

---

03/04/2021 VACATION LETTER ▾

Comment
VACATION LETTER

## Financial

FAMILY DOLLAR STORES OF TEXAS, LLC

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $40.00 |
| Total Payments and Credits | | | | $40.00 |
| 1/20/2021 | Transaction Assessment | | | $40.00 |
| 1/20/2021 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2021-00553 | FAMILY DOLLAR STORES OF TEXAS, LLC | ($40.00) |

SLAINE, DAIZY CARTER

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $341.00 |
| Total Payments and Credits | | | | $341.00 |
| 12/31/2020 | Transaction Assessment | | | $341.00 |
| 12/31/2020 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2020-14002 | SLAINE, DAIZY CARTER | ($341.00) |

## Documents

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE WITH INCORPORATED FIRST SET OF

3 CCL#4 Y LETTER

CITATION 2012

CITATION 2012

CITATION 2012

CITATION 2012

CITATION 2012

CITATION 2012

KROGER TEXAS LP

KROGER TEXAS LP D/B/A KROGER #527

KROGER TEXAS LP

HENPIL, INC

FAMILY DOLLAR STORES OF TEXAS, LLC

LETTER TO PLAINTIFF'S COUNSEL

DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S ORIGINAL ANSWER TO PLAINTIFF S

PLAINTIFF'S NOTICE OF FILING OF AFFIDAVITS (FAMILY DOLLAR STORES OF TEXAS, LLC)

D'S ORIGINAL ANSWER

PLAINTIFF'S NOTICE OF FILING OF AFFIDAVITS (KROGER TEXAS, LP)

# EXHIBIT 3

Exhibit 3

FILED
12/31/2020 4:07 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CC-20-05664-D

CAUSE NO. _____

| | | |
|---|---|---|
| DAIZY CARTER SLAINE | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| VS. | § | AT LAW NO. _____ |
| | § | |
| KROGER TEXAS, LP; KROGER TEXAS, | § | |
| LP D/B/A KROGER #527; KROGER | § | |
| TEXAS LP D/B/A HENPIL #527; | § | |
| HENPIL, INC.; FAMILY DOLLAR | § | |
| STORES OF TEXAS, LLC; AND FIRST | § | |
| NATIONAL BANK, INC. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE WITH INCORPORATED FIRST SET OF WRITTEN DISCOVERY

Plaintiff Daizy Carter Slaine ("Plaintiff") files this Original Petition and Request for

Disclosure complaining of Defendants Kroger Texas, LP; Kroger, LP d/b/a: Kroger #527;

Kroger Texas LP d/b/a Henpil #527; Henpil, Inc.; Family Dollar Stores of Texas, LLC; and First

National Bank, Inc. ("Defendants") and for cause of action states the following:

### DISCOVERY CONTROL PLAN

1. Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiff states

that discovery in this cause is intended to be conducted under Level 3.

### DISCLOSURE REQUEST

2. Request is hereby formally made for Defendants to comply with Rule 194 of the Texas

Rules of Procedure. Specifically, formal request is made for Defendants to provide to

Plaintiff, pursuant Rules 194.2 and 194.3 of the Texas Rules of Civil Procedure, the

following:

**RULE 194.2(a)--** the correct names of the parties to the lawsuit;

**RULE 194.2(b)--** the name, address and telephone number of any potential parties;

**RULE 194.2(c)--**  the legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);

**RULE 194.2(d)--**  the amount and any method of calculating economic damages;

**RULE 194.2(e)--**  the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

**RULE 194.2(f)--**  for any testifying expert:

    (1)    the expert's name, address, and telephone number;
    (2)    the subject matter on which the expert will testify;
    (3)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
    (4)    If the expert is retained by, employed by or otherwise subject to the control of the responding party:
        (A)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by or prepared by or for the expert in anticipation of the expert's testimony; and
        (B)    the expert's current resume and bibliography;

**RULE 194.2(g)--**  any indemnity and insuring agreements described in Rule 192.3(f);

**RULE 194.2(h)--**  any settlement agreements described in Rule 192.3(g);

**RULE 194.2(i)--**  any witness statements described in Rule 192.3(h);

**RULE 194.2(j)--**  in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records

and bills.

**RULE 194.2(k)--** in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

**RULE 194.2 (l)--** the name, address, and telephone number of any person who may be designated as a responsible third party.

### JURY DEMAND

3.      Pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure, Plaintiff requests a jury trial of this matter. Accordingly, Plaintiff tenders the proper jury fee with the filing of Plaintiff's Original Petition.

### PARTIES

4.      Plaintiff Daizy Carter Slaine is an individual residing in Dallas County, Texas. The last three digits of her driver's license are 318 and the last three digits of her social security number are 603.

5.      Defendant Kroger Texas, LP is a corporation that may be served through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6.      Kroger Texas, LP d/b/a Kroger #527 is a corporation that may be served through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7.      Kroger Texas LP d/b/a Henpil #527 is a corporation that may be served through its

registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

8.  Henpil, Inc. is a corporation that may be served through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

9.  Family Dollar Stores of Texas, LLC is a corporation that may be served through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

10. First National Bank, Inc.is a corporation that may be served through its registered Agent Saul Ortega, 213 S. Closner, 2nd Floor, Edinburg, Texas 78539.

## ASSUMED NAMES

11. Pursuant to Texas Rule of Civil Procedure 28, Plaintiff hereby gives all Defendants notice that they are being sued in all of its business, common, trade, or assumed names regardless of whether such businesses are partnerships, unincorporated associations, individuals, entities, and/or private corporations. Plaintiff hereby demands that upon answering this suit, Defendants answer in its correct legal name(s) and assumed name(s).

## VENUE AND JURISDICTION

12. Venue is proper in this Court by virtue of Tex. Civ. Prac. & Rem. Code §15.002(a). Furthermore, this Court has jurisdiction in that the damages being sought are within the jurisdictional limits of this Court.

## FACTS

13.    This lawsuit is based on an incident which occurred on or about May 1, 2019 in the parking lot of the 200 block of W. Camp Wisdom Road (hereinafter referred to as the "Premises"). Plaintiff (who was 76 at time of the incident) parked her vehicle at the parking lot of 200 block of W. Camp Wisdom Road in Dallas, Texas, then proceeded to go shopping at Kroger. After Plaintiff was done shopping, Plaintiff began walking towards her vehicle pushing a shopping cart. During her walk back to her car, Plaintiff was tripped and fell. While on the ground in terrible pain, Plaintiff looked back to see that she had tipped and fell due to a steel rebar wire protruding from a parking stop.

14.    At the time of the incident, Plaintiff was lawfully on the Premises as an invitee of Defendants. Defendants were the owner and/or possessor of the Premises. Defendants owed Plaintiff a duty to protect her from the condition made the basis of this lawsuit. The incident was proximately caused by the existence of a condition on the premises that was unreasonably dangerous and constituted an unreasonable risk of harm. Defendants knew or should have known of the danger such condition posed.

## CAUSES OF ACTION

### Negligence (Negligent Activity) and Premises Liability

15.    The paragraphs above are by this reference incorporated herein as if fully set forth at length.

16.    Defendants created an ongoing negligent activity by not replacing the defective parking stop on the Premises. Defendants knew or should have known about this unreasonable risk of harm. Defendants created and/or failed to timely and appropriately remedy the hazard which caused Plaintiff's fall and injuries.

17.   On the occasion in question and with regard to the incident, Defendants were acting through their agents, servants, and/or employees who were at all times acting within the course and scope of their employment.   Defendants committed acts and/or omissions, including, but not limited to the following, which constituted negligence which proximately caused the Incident in question:

      a.   In failing to maintain the premises in question in a reasonably safe condition and free of hazards to Plaintiff and other invitees entering the premises;

      b.   In failing to correct the unreasonably dangerous condition which was created by the condition of the Premises in question;

      c.   In failing to warn invitees, including Plaintiff, of the hazardous and dangerous condition of the premises in question;

      d.   In failing to properly inspect the Premises in question to discover the unreasonably dangerous condition created by the hazardous condition in question;

      e.   In failing to protect invitees from the rebar sticking out of the parking block; and/or

      f.   In failing to remove and replace the parking block from the area where the incident occurred.

18.   Defendants failed to use ordinary care and failed to act reasonably and prudently at the time of the incident made the basis of this lawsuit.   Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the above-referenced incident and Plaintiff's injuries and damages. Plaintiff, thus, sues for all her actual damages in excess of the minimum jurisdictional limits of this Court.

### PERSONAL INJURIES AND DAMAGES

19.   As a result of Defendants' negligent actions, Daizy Carter Slaine suffered personal injuries.   Consequently, Daizy Carter Slaine seeks recovery of the following damages:

a.  <u>Medical Expenses:</u>  Daizy Carter Slaine incurred bodily injuries which were caused by The Collision and Daizy Carter Slaine incurred medical expenses for treatment of such injuries.  Daizy Carter Slaine believes that, in reasonable medical probability such injuries will require the need for future medical care.

b.  <u>Physical Pain:</u>  Daizy Carter Slaine endured physical pain as a result of the personal injuries sustained in The Collision and reasonably anticipates such pain will continue in the future.

c.  <u>Mental Anguish:</u>  Daizy Carter Slaine endured mental anguish as a result of the personal injuries sustained in The Collision and reasonably anticipates such mental anguish will continue in the future.

d.  <u>Disfigurement:</u> Daizy Carter Slaine endured disfigurement as a result of the personal injuries sustained in The Collision and reasonably anticipates such will continue in the future.

e.  <u>Impairment:</u> Daizy Carter Slaine endured physical impairment as a result of the personal injuries sustained in The Collision and reasonably anticipates such in the future.

f.  <u>Loss of Earning Capacity:</u>  Daizy Carter Slaine lost wages as a result of the personal injuries sustained in The Collision. Daizy Carter Slaine reasonably believes that such injuries will diminish Daizy Carter Slaine's earning capacity in the future.

## **AGGRAVATION**

20.  In the alternative, if it be shown that the Plaintiff suffered from any pre-existing injury, disease and/or condition at the time of the incident made the basis of the lawsuit, then such injury, disease and/or condition was aggravated and/or exacerbated by the negligence of the Defendants.

## **U.S. LIFE TABLES**

21.  Notice is hereby given to the Defendants that Plaintiff intends to use the U. S. Life Tables as published by the Department of Health and Human Services - National Vital Statistics Report in the trial of this matter.  Plaintiff requests that this Honorable Court take judicial

notice of those rules, regulations, and statutes of the United States and the State of Texas,
pursuant to Texas Rule of Evidence 201 and 1005.

### RELIEF SOUGHT

22.     Pursuant to Texas Rules of Civil Procedure 193.7, notice is hereby given of the intention
to use any of the documents exchanged and/or produced between any party during the
trial of this case.  All conditions precedent to Plaintiff's right to recover the relief sought
herein have occurred or have been performed.

23.     As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff states that the
damages sought are in an amount within the jurisdictional limits of this Court.  As
required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff states that Plaintiff
seeks monetary relief in excess of $200,000, but less than $1,000,000.  As discovery
takes place and testimony is given, Plaintiff will be in a better position to give the
maximum amount of damages sought.

24.     Plaintiff requests that Defendants be cited to appear and answer, and that this case be
tried after which Plaintiff recover:

    a.      Judgment against Defendants for a sum within the jurisdictional limits of this
            Court for the damages set forth herein;
    b.      Pre-judgment interest at the maximum amount allowed by law;
    c.      Post-judgment interest at the maximum rate allowed by law;
    d.      Costs of suit; and
    e.      Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

REYES | BROWNE | REILLEY

/s/ Spencer P. Browne
**Spencer P. Browne**
State Bar No. 24040589
**Hussain Ismail**
State Bar No. 24087782
8222 Douglas Avenue, Suite 400
Dallas, TX 75225
(214) 526-7900
(214) 526-7910 (FAX)
spencer@reyeslaw.com
hussain@reyeslaw.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT 4

Exhibit 4

FILED
1/20/2021 10:31 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

## NO. CC-20-05664-D

| | | |
|---|---|---|
| **DAIZY CARTER SLAINE,** | § | **IN THE COUNTY COURT** |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | |
| **KROGER TEXAS, LP,** | § | |
| **KROGER TEXAS, LP d/b/a** | § | **AT LAW NO. 4** |
| **KROGER #527, KROGER TEXAS LP** | § | |
| **d/b/a HENPIL #527, HENPIL, INC.,** | § | |
| **FAMILY DOLLAR STORES OF** | § | |
| **TEXAS, LLC and FIRST NATIONAL** | § | |
| **BANK, INC.,** | § | |
| | § | |
| *Defendants.* | § | **DALLAS COUNTY, TEXAS** |

---

### DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION, DEMAND FOR JURY TRIAL AND REQUESTS FOR DISCLOSURE

---

FAMILY DOLLAR STORES OF TEXAS, LLC (one of the Defendants herein and hereinafter referred to as "Defendant") files its Original Answer to Plaintiff's Original Petition with Demand for a Jury Trial and Requests for Disclosure as follows:

### I.
### GENERAL DENIAL

1.      Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

### II.
### JURY DEMAND

2.      In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant demands a trial by jury and tenders the applicable jury fee with its Answer.

## III.
## REQUESTS FOR DISCLOSURE

3.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant, FAMILY DOLLAR STORES OF TEXAS, LLC, requests that Plaintiff disclose, within 30 days of service of this request, the information and materials described in Rule 194.2 (a) through (l).

## IV.
## PRAYER FOR RELIEF

4.     Defendant, FAMILY DOLLAR STORES OF TEXAS, LLC, prays that Plaintiff take nothing by this lawsuit, that Defendant go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**MAYER LLP**
750 North Saint Paul Street, Suite 700
Dallas, Texas 75201
214.379.6900 / Fax: 214.379.6939

By:  */s/ Mavish Bana*
     Zach T. Mayer
     State Bar No. 24013118
     E-Mail: zmayer@mayerllp.com
     Robin R. Gant
     State Bar No. 24069754
     E-Mail: rgant@mayerllp.com
     Mavish Bana
     State Bar No. 24096653
     E-Mail: mbana@mayerllp.com

**ATTORNEYS FOR DEFENDANT**
**FAMILY DOLLAR STORES OF TEXAS, LLC**

## CERTIFICATE OF SERVICE

This is to certify that on the 20th day of January 2021, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

Spencer P. Browne
Hussain Ismail
REYES BROWNE REILLEY
8222 Douglas Avenue, Suite 400
Dallas, Texas 75225

*Counsel for Plaintiff*

☐ E-MAIL
☐ HAND DELIVERY
☐ FACSIMILE
☐ OVERNIGHT MAIL
☐ REGULAR, FIRST CLASS MAIL
☒ E-FILE AND SERVE
☐ E-SERVICE ONLY
☐ CERTIFIED MAIL/RETURN RECEIPT REQUESTED

*/s/ Mavish Bana*
Mavish Bana

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Patty Mikula on behalf of Mavish Bana
Bar No. 24096653
pmikula@mayerllp.com
Envelope ID: 49852250
Status as of 1/20/2021 11:54 AM CST

Associated Case Party: DAIZYCARTERSLAINE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Spencer P.Browne | | spencer@reyeslaw.com | 1/20/2021 10:31:10 AM | SENT |
| Hussain Ismail | | Hussain@reyeslaw.com | 1/20/2021 10:31:10 AM | SENT |
| Marco Gonzalez | | marco@reyeslaw.com | 1/20/2021 10:31:10 AM | SENT |
| Christian Barragan | | cbarragan@reyeslaw.com | 1/20/2021 10:31:10 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| SPENCER P.BROWNE | | ALLIANCETEXAS@HOTMAIL.COM | 1/20/2021 10:31:10 AM | SENT |
| Kristy Fisher | | kfisher@mayerllp.com | 1/20/2021 10:31:10 AM | SENT |

Associated Case Party: FAMILY DOLLAR STORES OF TEXAS, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mavish Bana | | mbana@mayerllp.com | 1/20/2021 10:31:10 AM | SENT |
| Robin Gant | | rgant@mayerllp.com | 1/20/2021 10:31:10 AM | SENT |
| Zach Mayer | | zmayer@mayerllp.com | 1/20/2021 10:31:10 AM | SENT |

# EXHIBIT 5

Exhibit 5

FILED
1/27/2021 11:47 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-20-05664-D

| | | |
|---|---|---|
| DAIZY CARTER SLAINE, | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| KROGER TEXAS, LP; KROGER TEXAS | § | AT LAW NO. 4 |
| LP D/B/A KROGER #527; KROGER | § | |
| TEXAS LP D/B/A HENPIL #527; | § | |
| HENPIL, INC.; FAMILY DOLLAR | § | |
| STORES OF TEXAS, LLC; and FIRST | § | |
| NATIONAL BANK, INC., | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

**KROGER'S ORIGINAL ANSWER, VERIFIED DENIAL, AND SPECIAL EXCEPTIONS**

COMES NOW, Defendant Kroger Texas L.P., erroneously named "Kroger Texas, LP; Kroger Texas, LP d/b/a Kroger #527; Kroger Texas, LP d/b/a Henpil #527; and Henpil, Inc.," ("Kroger") in the above-entitled and numbered cause and files its Original Answer, Verified Denial, and Special Exceptions and, in support thereof, would respectfully show the Court as follows:

**I.**
**VERIFIED DENIAL**

By way of verified denial under Texas Rules of Civil Procedure 93, Kroger denies that Plaintiff is entitled to recover from "Kroger Texas, LP; Kroger Texas, LP d/b/a Kroger #527; Kroger Texas, LP d/b/a Henpil #527; and Henpil, Inc.," in the capacities in which these entities have been sued. Kroger denies that "Kroger Texas, LP; Kroger Texas, LP d/b/a Kroger #527; Kroger Texas, LP d/b/a Henpil #527; and Henpil, Inc.," owned or operated the premises at issue at any relevant time. Consequently, Plaintiff has no right or potential right of recovery against "Kroger Texas, LP; Kroger Texas, LP d/b/a Kroger #527; Kroger Texas, LP d/b/a Henpil #527; and Henpil, Inc.,"

because the proper party has not been sued. *See, e.g., Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006).

## II.
## GENERAL DENIAL

Kroger denies each and every, all and singular, the material allegation contained in Plaintiff's Original Petition, demands strict proof thereof is home later hello friend, and, to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury, if she can so do.

## III.
## DEFENSES

1.      Kroger had neither actual nor constructive knowledge of the condition about which Plaintiff complains, and further asserts that, in any event, the alleged hazard was not "unreasonably dangerous."

2.      Plaintiff's damages or injuries, if any, were caused by the acts of third persons not under the control of Kroger.  Such acts or omissions of said third persons were the sole and/or a producing and/or a proximate and/or an intervening and/or a supervening cause of Plaintiff's damages or injuries, if any.

3.      The alleged premises condition of which Plaintiff complains was already appreciated by Plaintiff, was open and obvious, was not concealed, and/or was a known risk and, therefore, Kroger denies that it owed any duty to warn Plaintiff of the alleged premises condition or protect Plaintiff from same. *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

4.      Plaintiff failed to use that degree of care and caution that would have been used by a reasonable person under the same or similar circumstances, thereby producing or

proximately causing or contributing to cause Plaintiff's injuries and damages, if any.  Such acts or omissions of Plaintiff were the sole and/or a producing and/or a proximate and/or a supervening and/or an intervening cause of Plaintiff's damages or injuries, if any.

5.      In the alternative, the accident complained of was an unavoidable accident, as that term is defined under Texas law.

6.      Kroger respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

7.      In the unlikely event an adverse judgment is rendered against Kroger in this matter, Kroger respectfully prays for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

8.      The damages about which Plaintiff complains, if any, were the result of prior or pre-existing or subsequent injuries, accidents or conditions, and said prior or pre-existing or subsequent injuries, accidents or conditions were the sole and/or a contributing cause of Plaintiff's damages alleged against Defendant.

9.      Plaintiff may have breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

10.      Plaintiff is malingering and/or exaggerating the nature and severity of her injuries in order to continue treatment, and accordingly, Kroger contends said treatment is not medically necessary or reasonable.

11.    Any claims for medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code §41.0105.

12.    Pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent that Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of such alleged losses must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

**IV.**
**SPECIAL EXCEPTIONS**

Further answering herein, pursuant to Rule 91 of the Texas Rules of Civil Procedure, Kroger objects and specially excepts to Paragraph 21 of Plaintiff's Original Petition, which improperly and prematurely asks the Court to take judicial notice of certain unspecified documents. Specifically, Paragraph 21 states that,

> Notice is hereby given to the Defendants that Plaintiff intends to use the U.S. Life Tables as published by the Department of Health and Human Services – National Vital Statistics Report in the trial of this matter. Plaintiff requests that this Honorable Court take judicial notice of those rules, regulations, and statutes of the United States and the State of Texas, pursuant to Texas Rule of Evidence 201 and 1005.

However, Rule 201 provides that a party requesting that the Court take judicial notice of a given fact or law must supply the Court with copies of the information that supports its request for judicial notice. Plaintiff has not done so here. In addition, the responding party must be given an opportunity to be heard on the propriety of taking judicial notice and the nature of the fact or law to be noticed. *See* TEX. R. CIV. P. 201 (c) and (e). Plaintiff's overly broad request is unreasonable

at this early stage of litigation and fails to provide the information necessary for Kroger to prepare a meaningful response to Plaintiff's request, on which Kroger is entitled to be heard. Therefore, Kroger requests that the Court strike Paragraph 21 of Plaintiff's Original Petition in its entirety.

Kroger also objects and specially excepts to Paragraph 22 of Plaintiff's Original Petition, which improperly attempts to invoke Rule 193.7 of the Texas Rules of Civil Procedure. Specifically, such paragraph states that "Pursuant to Rule 193.7, notice is hereby given of the intention to use any of the documents exchanged and/or produced between any party during the trial of this case." However, Rule 193.7 requires that the party invoking Rule 193.7 provide "actual notice that ***the document will*** be used" to the producing party.[1] Furthermore, "the ten-day period allowed for objection to authenticity . . . does not run from the production of the material or information but from the party's ***actual awareness that the document will be used***."[2] Accordingly, it is clear that Rule 193.7 requires more than a mere blanket statement that all documents produced in discovery will be authenticated against the producing party. Such a blanket statement not only fails to satisfy the requirements of Rule 193.7, but it also places an unreasonable burden upon Kroger to review all documents it produces and prophylactically render objections regarding the authenticity of said documents. Therefore, Kroger request that the Court strike Paragraph 22 of Plaintiff's Original Petition in its entirety.

---

[1]   TEX. R. CIV. P. 193.7 (2020) (emphasis added).

[2]   *Id.*, cmt. 7 (emphasis added).

**V.**
**COURT REPORTER REQUESTED**

Kroger respectfully demands a court reporter be present at all proceedings before the Court.

**VI.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Kroger Texas L.P., erroneously named "Kroger Texas, LP; Kroger Texas, LP d/b/a Kroger #527; Kroger Texas, LP d/b/a Henpil #527; and Henpil, Inc.," respectfully prays that Plaintiff take nothing by this cause of action; that the Court order Plaintiff to re-plead and cure the pleading deficiencies in her Original Petition or strike paragraphs 21 and 22 of Plaintiff's Original Petition; and that Kroger be permitted to recover the costs expended on its behalf. Kroger also prays for all other and further relief, both general and special, at law and in equity, to which it shows itself to be justly entitled.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Michael W. Stumbaugh**
State Bar No. 24041987
mstumbaugh@peavlerbriscoe.com
**Amber Henderson**
State Bar No. 24051231
ahenderson@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

STATE OF TEXAS          §
                       §
COUNTY OF TARRANT      §

Before me, the undersigned authority, did personally appear Amber Henderson, who, upon her oath, deposes and says that she is one of the attorneys of record for Defendant, that she has never been convicted of a disqualifying crime, and that she is over the age of 18 and competent to make this verification. Accordingly, Amber Henderson verifies that the facts alleged in paragraph I. Verified Denial of the foregoing pleading are within her personal knowledge and are true and correct.



_____
Amber Henderson

Subscribed and sworn to before me on this 27th day of January 2021.

_____
NOTARY PUBLIC in and for the State of Texas

MARIA LOHSE
Notary Public, State of Texas
Comm. Expires 02-05-2024
Notary ID 132346674

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on January 27, 2021.

/s/ Amber Henderson
_____
Amber Henderson

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bryan Briscoe on behalf of Bryan Briscoe
Bar No. 24069421
kbriscoe@peavlerbriscoe.com
Envelope ID: 50081421
Status as of 1/27/2021 11:52 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 1/27/2021 11:47:53 AM | SENT |
| Mark Forester | | MForester@PeavlerBriscoe.com | 1/27/2021 11:47:53 AM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 1/27/2021 11:47:53 AM | SENT |
| Amber Henderson | | ahenderson@peavlerbriscoe.com | 1/27/2021 11:47:53 AM | SENT |
| Kristy Fisher | | kfisher@mayerllp.com | 1/27/2021 11:47:53 AM | SENT |
| SPENCER P.BROWNE | | ALLIANCETEXAS@HOTMAIL.COM | 1/27/2021 11:47:53 AM | SENT |

Associated Case Party: FAMILY DOLLAR STORES OF TEXAS, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Zach Mayer | | zmayer@mayerllp.com | 1/27/2021 11:47:53 AM | SENT |
| Mavish Bana | | mbana@mayerllp.com | 1/27/2021 11:47:53 AM | SENT |
| Robin Gant | | rgant@mayerllp.com | 1/27/2021 11:47:53 AM | SENT |

Associated Case Party: DAIZYCARTERSLAINE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Marco Gonzalez | | marco@reyeslaw.com | 1/27/2021 11:47:53 AM | SENT |
| Christian Barragan | | cbarragan@reyeslaw.com | 1/27/2021 11:47:53 AM | SENT |
| Hussain Ismail | | Hussain@reyeslaw.com | 1/27/2021 11:47:53 AM | SENT |
| Spencer P.Browne | | spencer@reyeslaw.com | 1/27/2021 11:47:53 AM | SENT |

# EXHIBIT 6

Exhibit 6

FILED
1/27/2021 2:31 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:21-cv-01063-N   Document 1-2   Filed 05/11/21   Page 36 of 38   PageID 48

CAUSE NO. CC-20-05664-D

| | | |
|---|---|---|
| DAIZY CARTER SLAINE | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| VS. | § | AT LAW NO. 4 |
| | § | |
| KROGER TEXAS, LP; KROGER | § | |
| TEXAS, LP DBA: KROGER #527; | § | |
| KROGER TEXAS LP DBA HENPIL | § | |
| #527; HENPIL, INC.; FAMILY | § | |
| DOLLAR STORES OF TEXAS, LLC; | § | |
| AND FIRST NATIONAL BANK, INC. | § | DALLAS COUNTY, TEXAS |

## **PLAINTIFF'S NOTICE OF FILING OF AFFIDAVITS**

TO:   Kroger Texas, LP, by and through its attorneys of record, B. Kyle Briscoe, Michael W. Amber Henderson, Peavler | Briscoe, 2215 Westgate Plaza, Grapevine, Texas 76051.

You are hereby notified that Plaintiff has filed the following affidavits in the above-entitled and numbered cause, copies of which are hereby furnished to you with the accompanying records regarding same.

1.   Affidavit of Reasonableness and Necessity of Charges Under Section 18.001, Civil Practices and Remedies Code, V.T.C.A. from Accident & Injury Chiropractic regarding Daizy Carter Slaine;

2.   Business Records Affidavit Under Rule 902 from Accident & Injury Chiropractic regarding Daizy Carter Slaine;

3.   Affidavit of Reasonableness and Necessity of Charges Under Section 18.001, Civil Practices and Remedies Code, V.T.C.A. from DFW Prescriptions, Inc. regarding Daizy Carter Slaine;

4.   Affidavit of Reasonableness and Necessity of Charges Under Section 18.001, Civil Practices and Remedies Code, V.T.C.A. from Lone Star Radiology regarding Daizy Carter Slaine;

5.   Business Records Affidavit Under Rule 902 from Lone Star Radiology regarding Daizy Carter Slaine;

6.   Affidavit of Reasonableness and Necessity of Charges Under Section 18.001, Civil Practices and Remedies Code, V.T.C.A. from Pioneer Orthopedics, P.L.L.C. regarding Daizy Carter Slaine;

**Plaintiff's Notice of Filing of Affidavits - Page 1**

7.      Business Records Affidavit Under Rule 902 from Pioneer Orthopedics, P.L.L.C. regarding Daizy Carter Slaine;

8.      Affidavit of Reasonableness and Necessity of Charges Under Section 18.001, Civil Practices and Remedies Code, V.T.C.A. from White Rock Open Air MRI regarding Daizy Carter Slaine; and

9.      Business Records Affidavit Under Rule 902 from White Rock Open Air MRI regarding Daizy Carter Slaine.

These records will be offered in evidence at the trial of this cause.

Respectfully submitted,

**REYES | BROWNE | REILLEY**


 /s/ Spencer P. Browne
**Spencer P. Browne**
State Bar No. 24040589
**Hussain Ismail**
State Bar No. 24087782
8222 Douglas Avenue, Suite 400
Dallas, TX 75225
(214) 526-7900
(214) 526-7910 (FAX)
spencer@reyeslaw.com
hussain@reyeslaw.com

**ATTORNEYS FOR PLAINTIFF**


**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Texas Rules of Civil Procedure on this 27th day of January, 2021.

 /s/ Spencer P. Browne
Spencer P. Browne

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Christian Barragan on behalf of Spencer Browne
Bar No. 24040589
cbarragan@reyeslaw.com
Envelope ID: 50091122
Status as of 1/27/2021 2:36 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 1/27/2021 2:31:34 PM | SENT |
| Mark Forester | | MForester@PeavlerBriscoe.com | 1/27/2021 2:31:34 PM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 1/27/2021 2:31:34 PM | SENT |
| Amber Henderson | | ahenderson@peavlerbriscoe.com | 1/27/2021 2:31:34 PM | SENT |
| Kristy Fisher | | kfisher@mayerllp.com | 1/27/2021 2:31:34 PM | SENT |

Associated Case Party: FAMILY DOLLAR STORES OF TEXAS, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Zach Mayer | | zmayer@mayerllp.com | 1/27/2021 2:31:34 PM | SENT |
| Mavish Bana | | mbana@mayerllp.com | 1/27/2021 2:31:34 PM | SENT |
| Robin Gant | | rgant@mayerllp.com | 1/27/2021 2:31:34 PM | SENT |

Associated Case Party: DAIZYCARTERSLAINE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Marco Gonzalez | | marco@reyeslaw.com | 1/27/2021 2:31:34 PM | SENT |
| Christian Barragan | | cbarragan@reyeslaw.com | 1/27/2021 2:31:34 PM | SENT |
| Hussain Ismail | | Hussain@reyeslaw.com | 1/27/2021 2:31:34 PM | SENT |
| Spencer P.Browne | | spencer@reyeslaw.com | 1/27/2021 2:31:34 PM | SENT |